Steinberg, Fineo, Berger & Fischoff, P.C.
Proposed Attorneys for the Debtor
and Debtor-in-Possession
Gary C. Fischoff, Esq.
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

                                                                                Chapter 11

1160 THIRD AVENUE FOOD SERVICE, INC.,     Case No. **10-11569-mg**

                                                                                **AMENDED AFFIDAVIT**

                        Debtor.

------------------------------------------------------X

STATE OF NEW YORK)
COUNTY OF NASSAU )ss;

    Gary C. Fischoff, Esq., being duly sworn, deposes and says:

    1.    I am an attorney admitted to practice before this Court and I am a member of the firm Steinberg, Fineo, Berger & Fischoff, P.C., which maintains offices at 40 Crossways Park Drive, Woodbury, New York 11797.

    2.    This affidavit is submitted pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Debtor's Application for an Order authorizing the debtor and debtor-in-possession (the "Debtor") to employ and retain Steinberg, Fineo, Berger & Fischoff, P.C. ("SFB&F) as counsel in this chapter 11 case. Unless otherwise stated in this Affidavit, the facts set forth herein are based upon personal knowledge.

3. SFB&F has an established practice in the field of debtor's and creditor's rights, reorganization and bankruptcy law, as well as expertise in secured lending, finance, corporate, real estate, litigation and other practice areas which are of value in this case.

4. In accordance with the provisions of Section 327(a) of the Bankruptcy Code SFB&F is not connected with the Debtor, its creditors, other parties-in-interest or the United States Trustee or any person employed by the Office of the United States Trustee, and, to the best of my knowledge SFB&F does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or other parties-in-interest hold or represent any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged.

5. To the best of my knowledge, neither I, SFB&F, nor any member, counsel or associate of the Firm represents any entities other than the Debtor in connection with the Debtor's chapter 11 case. In addition, to the best of my knowledge, neither I, SFB&F, nor any member, counsel or associate of the Firm represents any party-in-interest, except as disclosed herein, other than the Debtor in this chapter 11 case.

6. SFB&F does not represent any entity, other than the Debtor in matters related to the Debtor or this chapter 11 case.

7. SFB&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that SFB&F, its members, counsel and associates:

(a) are not creditors or insiders of the Debtor;

(b) are not and were not investment bankers for any outstanding securities of the Debtor;

(c) have not been within, three (3) years of the Petition Date, have not been investment

bankers for securities of the Debtor or an attorney for such an investment banker in connection with the offer, sale, or issuance of the Debtor's securities; and are not and were not, within two (2) years of the Petition Date, a director, officer or employee of the Debtor or of any investment banker as specified in sub-paragraph (b) or (c) above.

8. Accordingly, to the best of my knowledge, I have ascertained that neither I, SFB&F, nor any of its members, counsel or associates, represents any other entity having an adverse interest in connection with this chapter 11 case. This was determined by reviewing the list of creditors against a check of the Firm's computer list of clients. Further, to the best of my knowledge, except as otherwise set forth herein, I have ascertained that SFB&F holds no interest adverse to the Debtor or its estate and is disinterested with respect to the matters upon which SFB&F is to be employed, except as stated herein. This Firm is also representing two other related Chapter 11 debtors. One is Tsu Yue Wang (Case no. 10-11478-mg) shareholder of this Debtor and the other is a restaurant owned by Tsu Yue Wang's brother Bu Yao Pa LLC (Case no. 10-11570-mg). This Debtor and the other two debtors are all defendants in "wage and hour" claims arising from Mr. Wang's alleged operation of these and other now defunct restaurants. This Debtor maybe jointly and severally liable for the for the "wage and hour" claims against the Bu Yao Pa LLC, Debtor. Moreover, the Bu Yao Pa LLC, Debtor maybe liable for "wage and hour" claims if it is found to be a successor in interest to a business owned or managed by Mr. Wang. Then Mr. Wang would also be jointly and severally liable on the Bu Yao Pa LLC "wage and hour" claims. Therefore, the Tsu Yue Wang, Debtor and the other Debtor's interests are aligned. Nonetheless, each Debtor, after full disclosure, have consented to the joint representation and have waived, in writing, conflicts, if any, arising from the joint representation. (Copies of the written waivers are available upon request.) Further, none of the Debtors have intra-company debts.

9. It is contemplated that SFB&F will seek compensation based on its normal hourly rate in effect for the period in which services are rendered and will seek reimbursement of necessary and reasonable out-of-pocket expenses, subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the United States Trustee's Guidelines for Fees and Disbursements, and any administrative orders issued by the Court.

10. SFB&F will utilize partners and associates in various areas of expertise to prosecute these cases. The rates to be charged by professionals from SFB&F who will work on this matter range from $375 - $425 per hour for partners, $225 - $375 per hour for associates and its rates for paraprofessionals range from $110 -$175 per hour. The attorneys and paralegals who will be primarily to be responsible for providing services to the Debtors and their respective billing rates are as follows:

| | |
|---|---|
| Gary C. Fischoff, Partner | $425.00 |
| Heath S. Berger, Partner | $375.00 |
| Brian P. Schechter, Associate | $250.00 |
| Patricia Reill, Paralegal | $175.00 |
| Janine Pfersching, Paralegal | $125.00 |

11. These are SFB&F's hourly rates for work of this nature and are subject to periodic adjustments (usually in January of each year) to reflect economic and other conditions. In the event the Firm changes its hourly rates it will notify, in writing, the Court and the United States Trustee's Office. The Debtor understands that other attorneys and paralegals may serve the Debtor from time to time in connection with these cases. The hourly rates set forth above are the standard rates charged to bankruptcy and non-bankruptcy clients for the types of services to be performed herewith. These rates are set at a level designed to fairly compensate SFB&F for the work of its attorneys and

paralegals and to cover routine overhead expenses. It is SFB&F's standard policy to charge its clients for all expenses incurred in connection with a client's case, including, telephone and telecopier toll charges, photocopying charges, travel expenses, and non-ordinary course overhead expenses, *i.e.*, secretarial overtime. The amounts charged by SFB&F for such expenses are consistent with charges billed to other similar clients.

12. Prior to the Petition Date, the Debtor has caused SFB&F to be paid a retainer of $15,000.00 plus $1,039.00 filing fee in this matter (the "Retainer") to cover the fees and expenses of advising the Debtor in connection with financial matters and the preparation of the Debtor's petition and filings.

13. No promises have been received by or made to SFB&F, any of its members, counsel or associates, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. SFB&F has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of SFB&F.

14. The foregoing constitutes the statement of SFB&F pursuant to sections 327, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Sworn to before me this
2nd day of June, 2010

_____
Notary Public

_____
GARY C. FISCHOFF

BRIAN P. SCHECHTER
Notary Public, State Of New York
No. 02SC4981650
Qualified In Nassau County
Commission Expires May 13, 20 11